UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUKE KNOWLES,

    Plaintiff,

    v.

EBAY INC., et al.,

    Defendants.

_____/

No. C 12-5211 PJH

**ORDER GRANTING MOTION FOR LEAVE TO ADD DEFENDANT**

    Before the court is the motion of plaintiff Luke Knowles for leave to amend the complaint to add The American Insurance Company ("TAIC") as a defendant. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    The addition of new parties is governed by Rule 21, which states, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Motions to amend the complaint to add parties are governed by the standards applicable to motions for leave to amend under Federal Rule of Civil Procedure 15, which provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

    Leave to amend is thus ordinarily granted under Rule 15 unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). In addition, amendments seeking to add claims are to be granted more freely than amendments adding parties.

Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

At this stage of the litigation, where the only actions taken have been the filing of the complaint, the filing of motions to dismiss, the issuance of an order granting the motions with leave to amend, and the filing of an amended complaint, the court finds no reason to preclude plaintiff from further amending the complaint to add TAIC as a defendant. Certainly the reasons advanced by defendant Fireman's Fund Insurance Company are not sufficient to outweigh the policy of granting leave to amend with liberality, even under Rule 21. See DeMalherbe v. Int'l Union of Elevator Constructors, 438 F.Supp. 1121, 1128 (N.D. Cal. 1977); 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1479 & n.10 (3d ed. 2012). The addition of TAIC would not clearly be futile, would not prejudice the existing defendants, and does not appear to have been sought by plaintiff in bad faith or with a dilatory motive.

No later than May 8, 2013, plaintiff shall file a second amended complaint which lists TAIC in the caption, and includes the same allegations as the April 3, 2013 amended complaint. Plaintiff must also have a summons issued for TAIC, and must effectuate service within two weeks thereafter and promptly file a proof of service. The defendants (including TAIC) will have 21 days from the date TAIC is served to file answers or motions to dismiss. The date for the hearing on this motion, previously set for May 8, 2013, is VACATED.

**IT IS SO ORDERED.**

Dated: May 1, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

2